UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**IN ADMIRALTY**
Key West Division

CASE NO.4:11-CV-10074-JLK

JTR ENTERPRISES, LLC
A Delaware Limited Liability Company

      Plaintiff,

vs.

An Unknown Quantity of Colombian Emeralds,
Amethysts and Quartz Crystals located within
3,000 yards of a point located at coordinates
24°57.79" North Latitude and 81°55.54" West
Longitude.

      *In Rem* Defendant.
_____/

**JTR'S RESPONSE TO MOTIVATION'S**
**MOTION TO DISMISS ITS CLAIM**

Plaintiff/Salvor, JTR ENTERPRISES, LLC ("JTR"), by and through its undersigned

counsel and pursuant to Local Rule 7.1, hereby submits its Response to Claimant, MOTIVATION,

INC.'s ("MOTIVATION"), Motion to Dismiss its [own Amended Verified] Claim [D.E. 118], and

states:

PRELIMINARY STATEMENT

JTR makes this submission to confirm that JTR does not oppose the voluntary of

MOTIVATION's Amended Verified Claim.   Indeed, JTR welcomes the dismissal of

MOTIVATION's claim – as JTR has been encouraging MOTIVATION to dismiss its frivolous

claim since the day it was made.

MOTIVATION's motion for leave to voluntarily dismiss its Amended Verified Claim

includes a reservation of the right to seek sanctions from JTR and its Delaware counsel for failing to voluntarily permit MOTIVATION to inspect the emeralds that are the subject of JTR's claim herein for an award of title and/or a liberal salvage award.  While JTR believes that any such motion would, itself, be sanctionable, JTR does not oppose MOITVATION's reservation of such a right. JTR does, however, find it difficult to understand what legally cognizable basis MOTIVATION would have for seeking sanctions against a JTR for failing to provide MOTIVATION with discovery when the Court, itself, granted JTR a stay of discovery over MOTIVTION's opposition. Additionally, if MOTIVATION were to pursue a motion for sanctions based on JTR's refusal to permit MOTIVATION to inspect the emeralds in JTR's custody prior to such time as the Court permitted discovery to proceed, JTR also will show that JTR repeatedly offered to permit MOTIVATION to conduct an inspection (even during the stay of discovery) if MOTIVATION would first disclose its putative "criteria" to be used for the inspection, and MOTIVATION abjectly refused to provide such criteria – even before the inspection JTR ultimately permitted at a time prior to when JTR was required to do so.

Finally, prior to MOTIVATION's ultimate capitulation herein, JTR served MOTIVTION with a Rule 11 Notice for MOTIVATION's frivolous, bad faith and defamatory filings, and JTR intends to pursue sanctions against MOTIVATION following the dismissal of MOTIVATION's claim.  As this Court is aware, MOTIVATION initially filed a verified claim asserting that the emeralds subject to JTR's claim came from a barrel that floated away from the Atocha.  Inasmuch as MOTIVATION now concedes that the emeralds did not come from the Atocha, MOTIVATION tacitly concedes that its barrel theory had no basis in fact.  Nor did MOTIVATION's barrel theory have any basis in law for the reasons previously set forth by JTR, which provided the basis for this

Court's grant (without prejudice) of JTR's motion to dismiss MOTIVATION's original Verified Claim.  In its Amended Verified Claim, MOTIVATION claimed that the emeralds subject to JTR's claim were stolen from the Atocha wreck site.  Inasmuch as MOTIVATION now concedes that the emeralds did not come from the Atocha, MOTIVATION tacitly concedes that its amended theory also had no basis in fact.

As a consequence of MOTIVATION's unjustified and frivolous intervention in this matter, JTR has been forced to incur considerable legal fees and expenses and has been materially delayed in obtaining an award and/or a salvage award with respect to the emeralds and other material that is the subject of JTR's Verified Claim.  Once that award is obtained, JTR intends to pursue redress for the injuries improperly inflicted upon JTR by MOTIVATION's frivolous and cavalier actions.

For now, however, the only thing before the Court is MOTIVATION's motion for leave to voluntarily dismiss its Amended Verified Claim without prejudice to future recoveries that JTR might make and bring before the Court.  JTR not only does not oppose MOTIVATION's current motion, but JTR welcomes it and respectfully encourages the Court to enter an Order dismissing MOTIVATION's Amended Verified Claim at the Court's soonest convenience.  Thereafter, JTR intends to move promptly for an award of title and/or a liberal salvage award – as there is no other party that has filed a timely opposition (or even an untimely opposition) to JTR's Verified Claim, despite JTR's publication of notice in accordance with this Court's Order with respect thereto.

## **BACKGROUND**

As the Court is aware, JTR first came before this Court nearly a year ago, in September of 2011, seeking an adjudication of title to emeralds and other matter discovered by Jay Miscovich in the Gulf of Mexico.  In October, 2011, MOTIVATION, filed a verified claim to the emeralds,

JANSSEN & SIRACUSA, P.A.
120 South Olive Ave., Suite 504, West Palm Beach, Florida 33401
Tel. (561) 420-0583 Fax (561) 420-0576

claiming, without any justification that the emeralds must have come from either the *Atocha* or the *Santa Margarita*, two vessels to which MOTIVATION erroneously claims ownership. [D.E. 10]  In particular, MOTIVATION asserted a verified claim that the emeralds must have floated in a barrel forty (40) miles against the prevailing current to the Northwest. [D.E. 10]  Given the absurdity of MOTIVATION's claim, JTR opposed MOTIVATION's attempt to insert itself into this dispute. Among other things, JTR timely moved to dismiss MOTIVATION's original pleading and obtained a stay of discovery from this Court pending resolution of that dismissal motion.  Significantly, JTR's dismissal motion was granted (albeit without prejudice), and Court did not lift its stay of discovery until MOTIVATION's counsel informed the Court that MOTIVATION would be filing an Amended Verified Claim asserting that the emeralds were stolen from the Atocha wreck site – another claim for which MOTIVATION lacked any credible support.

Eventually, MOTIVATION filed an Amended Verified Claim, asserting a verified allegation that a friend of the principals of JTR stole emeralds from MOTIVATION and gave them to JTR.  [D.E. 94].  The sole support for this claim was a  putative "affidavit" that was not notarized, not based on personal knowledge, and executed (supposedly) by an individual who has received multiple felony convictions for theft and criminal incest.  [D.E. 94].  Despite JTR's belief that MOTIVATION's Amended Verified Complaint was frivolous, failed to state a claim, and was subject to further motion practice (including s further stay of discovery), JTR determined to file an Answer and permit MOTIVATION an opportunity to inspect JTR's emeralds.  Indeed, JTR did so prior to the time set by the Court for the inspection.

MOTIVATION ultimately conceded that its claims are without merit and now seeks leave of this Court to withdraw its claim.

JTR does not object to the entry of an Order dismissing MOTIVATION's Amended Verified Claim.  Indeed, JTR has sought the dismissal of MOTIVATION's claim for nearly a year. For reasons likely related to MOTIVATION's ongoing business of selling emeralds it claims to have come from the Atocha at a high premium to the price of an ordinary emerald, MOTIVATION has elected to assert many misstatements and mischaracterizations in its Motion which are designed to disparage JTR and its discovery – to the competitive advantage of MOTIVATION.  Indeed, based on how events have unfolded over the past year, this appears to have been the purpose of MOTIVATION's frivolous intervention from the start.  Notwithstanding MOTIVATION's apparent bad faith, and the lack of relevance of any facts asserted by MOTIVATION to its application to dismiss its own claim (which requires no legal or factual justification by MOTIVATION, and could have been accomplished by a one-sentence stipulation to which JTR would have agreed) JTR respectfully moves this Court to grant MOTIVATION's Motion and dismiss MOTIVATION's claim – just as MOTIVATION asks the Court to do.

Further, JTR disputes the need or relevance of MOTIVATION's putative expert's report – which also was filed to disparage JTR to MOTIVATION's competitive advantage.  While JTR does not take issue with the  report's assertion that the subject emeralds did not come from the *Atocha*, JTR disputes the other statements contained in the report, which were solely included to bolster the business interests of MOTIVATION once the Court vests title in the emeralds in JTR.

## MEMORANDUM OF LAW

Pursuant to Rule 41, *Federal Rules of Civil Procedure*, a party to an action can voluntarily dismiss its claim by stipulation of the parties or with leave of Court over the adverse party's opposition.  In this case, JTR was willing to stipulate to the voluntary dismissal of MOTIVATION's

JANSSEN & SIRACUSA, P.A.
120 South Olive Ave., Suite 504, West Palm Beach, Florida 33401
Tel. (561) 420-0583 Fax (561) 420-0576

CASE NO.4:11-CV-10074-JLK
*JTR's Response to MOTIVATION's Motion to Dismiss its Claim*

Amended Verified Claim, but MOTIVATION elected not to enter into such a stipulation so that MOTIVATION could file the Motion to disparage the quality of the emeralds discovered by JTR. Notwithstanding MOTIVATION's improper actions, JTR does not oppose the dismissal of MOTIVATION's claim, subject to JTR's right to pursue sanctions against MOTIVATION for the assertion of a meritless claim and other bad faith misconduct in the course of this litigation. *See Cooper & Gell v. Hartmarx Corp.* 110 S. Ct. 2447, 2455 (U.S. 1990)(District courts may enforce Rule 11 even after plaintiff has filed notice of dismissal); *Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1198)(Rule 11 motions are collateral to an action and are not barred if filed after a dismissal order, or after an entry of judgment).

WHEREFORE, JTR ENTERPRISES, LLC, requests this Honorable Court (i) grant MOTIVATION's Motion to dismiss MOTIVATION's Amended Verified Claim without prejudice to any emeralds or other things JTR may hereafter discover and bring before the Court for an adjudication of title and/or a salvage award, subject to JTR's right to seek an award of its taxable costs, sanctions, including attorney's fees, and any other and further relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 20, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CMECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*(Signature and Service List follow)*

6

CASE NO.4:11-CV-10074-JLK
*JTR's Response to MOTIVATION's Motion to Dismiss its Claim*

Respectfully submitted,

JANSSEN & SIRACUSA, P.A.
Co-Counsel for Plaintiff
120 South Olive Ave., Suite 504
West Palm Beach, FL 33401
Tel. (561) 420-0583
Fax (561) 420-0576
Email mlazarchick@jasilaw.com
Email jjanssen@jasilaw.com
Email jsiracusa@jasilaw.com


By:   s/ Joseph W. Janssen, III
        MELISSA D. LAZARCHICK
        Florida Bar No. 43696
        JOSEPH W. JANSSEN, III
        Florida Bar No. 160067
        JOHN M. SIRACUSA
        Florida Bar No. 0159670

*Service List:*

**David Paul Horan**
Horan & Wallace
608 Whitehead Street
Key West, FL 33040-6549
305-294-4585
Fax: 294-7822
Email: dph@horan-wallace.com

**Arthur Eugene Lewis , Jr.**
Lewis & White, P. L. C.
222 W. Georgia Street
PO Drawer 1050
Tallahassee, FL 32301-1050
850-425-5000
Fax: 850-425-5004
Email: lawlaw@polaris.net

JANSSEN & SIRACUSA, P.A.
120 South Olive Ave., Suite 504, West Palm Beach, Florida 33401
Tel. (561) 420-0583 Fax (561) 420-0576

CASE NO.4:11-CV-10074-JLK
*JTR's Response to MOTIVATION's Motion to Dismiss its Claim*

**Marlow V. White , Jr.**
Lewis & White
222 W Georgia Street
PO Drawer 1050
Tallahassee, FL 32030-1050
850-425-5000
Fax: 425-5004
Email: lawlaw@polaris.net

**Jessica L. Martyn**
Troutman Sanders, LLP
150 W. Main Street
Suite 1600
Norfolk, VA 23510
757-687-7706
Email: jessica.martyn@troutmansanders.com

**John E. Holloway**
Troutman Sanders, LLP
150 W. Main Street
Suite 1600
Norfolk, VA 23510
786-687-7724
Email: john.holloway@troutmansanders.com

**Craig Patrick Liszt**
McAlpin Conroy, P.A.
80 SW 8th Street
Suite 2805
Miami, FL 33130
305-810-5400
Email: cliszt@mcalpinconroy.com

**Michael Edward Conroy**
McAlpin & Conroy PA
80 SW 8th Street
Suite 2805
Miami, FL 33130
305-810-5400
Fax: 810-5401
Email: mconroy@mcalpinconroy.com

1022769

JANSSEN & SIRACUSA, P.A.
120 South Olive Ave., Suite 504, West Palm Beach, Florida 33401
Tel. (561) 420-0583 Fax (561) 420-0576