UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**IN ADMIRALTY**

Key West Division
CASE NO.4:11-CV-10074-JLK

JTR ENTERPRISES, LLC
A Delaware Limited Liability Company

    Plaintiff,

vs.

An Unknown Quantity of Colombian Emeralds, Amethysts and Quartz Crystals located within 3,000 yards of a point located at coordinates 24°57.79" North Latitude and 81°55.54" West Longitude.

    *In Rem* Defendant.
_____/

**JTR'S UNOPPOSED MOTION FOR EXTENSION OF
TIME TO RESPOND TO MOTIVATION, INC.'S MOTION FOR SANCTIONS
AND JTR'S RELATED REQUEST FOR FURTHER EXPERT TESTING/ANALYSIS**

    Plaintiff, JTR Enterprises, LLC ("JTR"), by and through its undersigned counsel and pursuant to Local Rule 7.1, hereby submits its Unopposed Motion for Extension of Time to Respond to Motivation, Inc.'s ('MOTIVATION") Motion for Sanctions, and JTR's Related Request for Further Expert Testing/Analysis, and states:

**Preliminary Statement**

    JTR has, at all times, acted lawfully, professionally and civilly in its efforts to obtain title or a liberal salvage award to the emeralds and other material that are the object of this admiralty proceeding. MOTIVATION's actions have, from the start, been unprofessional and sanctionable. MOTIVATION's motion for sanctions is the latest in a series of MOTIVATION's

Case 4:11-cv-10074-JLK   Document 125   Entered on FLSD Docket 09/06/2012   Page 2 of 12

CASE NO.4:11-CV-10074-JLK
*JTR's Unopposed Motion for Extension of Time to Respond to Motivation, Inc.'s Motion for Sanctions and*
*JTR's Related Request for Further Expert Testing/Analysis*

frivolous actions – which have been designed from the start to disparage JTR, which threatens to be a substantial business competitor to MOTIVATION (and its putative emerald expert) in Key West. In order to provide the Court with an appropriate record on which to dispose of MOTIVATION's Motion for Sanctions, JTR requires additional time to conduct testing that will be provided to the Court. JTR also requires additional time to prepare an appropriate responsive pleading. MOTIVATION does not oppose JTR's request for additional time, and JTR respectfully requests that its unopposed Motion be granted.

1.   JTR commenced this action on September 6, 2011, by filing with this Court a Verified Complaint for Maritime Salvage, seeking an award of title or a liberal salvage award respecting certain Colombian emeralds, amethysts and quartz crystals that that JTR's Managing member, Jay Miscovich, discovered in International Waters in the Gulf of Mexico (the "Salvaged Material"). (D.E. 1). Other than to truthfully allege that Mr. Miscovich discovered the Salvaged Material within 3,000 yards of a point located at coordinates 24°57.79" North Latitude and 81°55.54" West Longitude (the "Salvage Site"), JTR made no claim as to the origin or original ownership of the Salvaged Material – an issue that JTR continues to investigate. Nor did JTR make any claim respecting the value of the Salvaged Material – also an issue that JTR continues to investigate.

2.   After JTR published notice of the discovery of the Salvaged Material at the Salvage Site, MOTIVATION asserted an adverse claim of ownership of the Salvaged Material. MOTIVATION did so by filing with this Court a Verified Statement of Right and Interest and Claim on October 16, 2011. (D.E. 10). Significantly, MOTIVATION did not (and could not) dispute that Mr. Miscovich discovered the Salvaged Material at the Salvage Site. Nor did MOTIVATION dispute that JTR was entitled to a salvage award for its efforts. MOTIVATION

Case 4:11-cv-10074-JLK   Document 125   Entered on FLSD Docket 09/06/2012   Page 3 of 12

CASE NO.4:11-CV-10074-JLK
*JTR's Unopposed Motion for Extension of Time to Respond to Motivation, Inc.'s Motion for Sanctions and
JTR's Related Request for Further Expert Testing/Analysis*

did, however, contest JTR's claim for an award of title, claiming that the emeralds found among the Salvaged Material belonged to MOTIVATION pursuant to an order of this Court dated February 19, from 1976 (the "1976 District Court Order"). (D.E. 10, at ¶ 8). Specifically, MOTIVATION asserted the tale that the emeralds were once cargo on the *Atocha*, which floated in a barrel more than 30 miles against the prevailing currents until the barrel broke up and deposited the Salvage Site. (D.E. 10 at ¶ 15). MOTIVATION's claim was sworn under oath by its President, Kim Fisher, "under penalties of perjury." (D.E. 10 at pp. 4-5).

3.  On October 20, 2011, a Default Judgment was entered in favor of JTR, and against all potential claimants other than MOTIVATION, which was the only party to assert an adverse claim of ownership of the Salvaged Material following JTR's publication of Notice. (D.E. 21). At that point, MOTIVATION's Verified Statement of Right and Interest stood as the only impediment to JTR's obtaining the relief prayed for in its Verified Complaint.

4.  On November 5, 2011, MOTIVATION filed an Answer to JTR's Verified Complaint. (D.E. 27). As it did with its Verified Statement of Right and Interest, MOTIVATION did not dispute that Mr. Miscovich discovered the Salvaged Material at the Salvage Site or that JTR was entitled to a salvage award for its efforts. MOTIVATION did, however, pray for an award of sole title and sole possession of the Salvaged Material – still based on the 1976 District Court Order and the tale of the emeralds floating away from the *Atocha* in a barrel. (D.E. 27 at WHEREFORE Clause).

5.  On December 1, 2011, JTR filed a Motion for Judgment on the Pleadings and Motion to Dismiss. (D.E. 40). Thereafter, MOTIVATION moved for additional time to respond JTR's dismissal motion, and MOTIVATION sought to take discovery, including an inspection of the Salvaged Material, before responding to JTR's dismissal Motion. (D.E. 47).

Case 4:11-cv-10074-JLK   Document 125   Entered on FLSD Docket 09/06/2012   Page 4 of 12

CASE NO.4:11-CV-10074-JLK
*JTR's Unopposed Motion for Extension of Time to Respond to Motivation, Inc.'s Motion for Sanctions and
JTR's Related Request for Further Expert Testing/Analysis*

6.  On December 22, 2011, JTR filed papers seeking a stay of discovery, including any inspection of the Salvaged Material, pending resolution of JTR's dismissal motion. (D.E. 50). JTR's motion was supported by settled law cited therein. (D.E. 50 at 3-5). JTR's motion also reflected that JTR was willing to permit MOTIVATION to inspect the Salvaged Material – despite MOTIVATION's lack of legal entitlement to do so – if MOTIVATION would first disclose the "criteria" it would use for the inspection, but that MOTIVATION had abjectly refused to provide any such criteria in advance of its desired inspection. (D.E. 50 at 5).

7.  On February 7, 2012, the Court entered an Order granting JTR's motion to stay discovery, including any inspection of the Salvaged Material by Motivation, pending the Court's determination of whether MOTIVATION's Verified Statement of Interest stated a legally viable claim. (D.E. 69). The Court also denied JTR's dismissal motion without prejudice to its being reasserted if MOTIVATION did not thereafter submit an amended claim.

8.  Months passed without any further filings by MOTIVATION, and JTR renewed its dismissal motion on April 5, 2012. (D.E. 78). On April 13, 2011, MOTIVATION moved to strike JTR's renewed dismissal motion. (D.E. 80). The Court denied MOTIVATION's motion to strike, and directed MOTIVATION to respond to JTR's renewed dismissal motion. (D.E. 81).

9.  On June 18, 2012, the Court heard argument on JTR's renewed dismissal motion, and granted the Motion without prejudice and directed MOTIVATION to file an amended claim (if it wished to proceed with its claim) that asserted a basis for challenging JTR's Verified Complaint other than MOTIVATION's frivolous barrel theory. (D.E. 92).

10. On July 3, 2012, MOTIVATION filed its Amended Verified Claim. (D.E. 94). In support of its amended claim of ownership, MOTIVATION claimed in paragraphs 8 and 11 of its Amended Verified Claim, that it is the sole owner of the remains of cargo of the *Atocha* and

Case 4:11-cv-10074-JLK   Document 125   Entered on FLSD Docket 09/06/2012   Page 5 of 12

CASE NO.4:11-CV-10074-JLK
*JTR's Unopposed Motion for Extension of Time to Respond to Motivation, Inc.'s Motion for Sanctions and*
*JTR's Related Request for Further Expert Testing/Analysis*

*Margarita* shipwrecks and claimed that a substantial quantity of the subject emeralds were part of the cargo of the *Atocha* or the *Santa Margarita* that floated away from the initial points of impact when the vessels were shipwrecked or in subsequent storms. (D.E. 94). As an alternative basis for its claim, MOTIVATION alleged in paragraphs 55 through 64, that a former diver for the Fishers named Kent Van Raalte was in a position between April, 2006 and January, 2007 to "cherry pick" the subject emeralds, or some portion of them directly from a part of the *Atocha* wreck site known and gave them to his "dive buddy" Steve Elchlepp, who in turn, "concocted a scheme" to monetize the "stolen" emeralds. (D.E. 94). As with MOTIVATION's original claim, the amended claim was "verified" by Kim Fisher.[1]

11. Despite the fact that JTR believed that MOTIVATION's Amended Verified Claim still failed to state a legally viable claim, on July 16, 2012, JTR filed its Answer and Affirmative Defenses to Motivation's Amended Verified Claim, and specifically denied that any of the instant emeralds were from the *Atocha* or *Margarita* wrecks. (D.E. 97). JTR preserved its legal defenses by asserting various affirmative defenses, including (i) "*Failure to State a Cause of Action and/or Inability to Maintain a Claim for Relief*" – based on the facial legal deficiency of MOTIVATION's continued reliance upon the 1976 District Court Order, which had been modified on appeal by the Fifth Circuit (D.E. 97 at First Affirmative Defense), and (ii) "*Failure to State an Admiralty Claim based on Insufficient and/or Improper Verification*" – based on MOTIVATION's continued assertion of its frivolous barrel theory, as well as MOTIVATION's new assertion of its equally frivolous "theft" theory – both of which MOTIVATION has now seemingly abandoned based on a lack of any

---

[1] Fisher's verification states in pertinent part: " that I have read the foregoing claim and the exhibits hereto [sic] have personal knowledge of the facts alleged herein except those facts which I state on the basis of information and belief which facts I verily state to be true to the best of my knowledge and belief." (D.E. 94-2).

Case 4:11-cv-10074-JLK   Document 125   Entered on FLSD Docket 09/06/2012   Page 6 of 12

CASE NO.4:11-CV-10074-JLK
*JTR's Unopposed Motion for Extension of Time to Respond to Motivation, Inc.'s Motion for Sanctions and*
*JTR's Related Request for Further Expert Testing/Analysis*

credible evidence (D.E. 97 at Second Affirmative Defense). Because JTR did not move to dismiss MOTIVATION's Amended Verified Claim, JTR did not request another stay of discovery.

12. On July 17, 2012, the Court issued a Scheduling Order setting a discovery deadline of December 5, 2012. (D.E. 100).

13. On August 7, 2012, the Court entered an Order requiring JTR, as substitute custodian, to provide Motivation's expert, Manuel Marcial, access to the instant emeralds by August 29, 2012. (D.E. 117). The Court also ordered Kim Fisher to appear for deposition on August 21, 2012, which was prior to the August 29, 2012 deadline for the inspection.[2] (D.E. 116).

14. Despite the fact that MOTIVATION had delayed Kim Fisher's deposition, JTR voluntarily provided Mr. Marcial with access to the emeralds before the scheduled deposition and he inspected them on August 14, 2012.

15. On August 15, 2012, Mr. Marcial issued a report finding that the instant emeralds were not from the *Atocha* or *Margarita*. (D.E. 118-1). This is what JTR had been telling MOTIVATION for nearly a year.

16. Based on Mr. Marcial's report, MOTIVATION concedes that it had no factual basis for its Verified Claim, which is unsupported by any reasonable investigation of the facts. Accordingly, on August 17, 2012, MOTIVATION filed a Motion to Dismiss its own Claim, but requested the Court reserve jurisdiction for a period of 60 days to consider a motion for sanctions. (D.E. 118-1).

---

[2] Based on Motivation's counsel's agreement with JTR's counsel at the August 14, 2012 inspection that the instant emeralds were not from the *Atocha* or *Margarita*, JTR canceled Mr. Fisher's August 21, 2012 deposition, as JTR then thought a joint stipulation of dismissal of Motivation's claim would be forthcoming and any further discovery efforts and litigation between the parties would be unnecessary.

Case 4:11-cv-10074-JLK   Document 125   Entered on FLSD Docket 09/06/2012   Page 7 of 12

CASE NO.4:11-CV-10074-JLK
*JTR's Unopposed Motion for Extension of Time to Respond to Motivation, Inc.'s Motion for Sanctions and*
*JTR's Related Request for Further Expert Testing/Analysis*

17. On August 20, 2012 (within minutes of JTR's emailing of its Notice of Cancellation of Kim Fisher's deposition), Motivation filed a Secondary Report by Mr. Marcial, in which he raised a number of new issues, including what he believes to be the "possible" use of Krazy Glue on three matrix specimens and his putative valuation of the total find, which he claims to be less than fifty thousand dollars ($50,000.00). (D.E. 119-1). Mr. Marcial's "findings" stand in stark contrast with prior evaluations and analysis of the Salvaged material by, among others, the Smithsonian Institute, experts engaged by CBS News / 60 MINUTES, Fred Leighton Jewelers, Sotheby's, and various other persons who have examined the Salvaged Material and who are unaffiliated with JTR.

18. On August 20, 2012, JTR filed a response to MOTIVATION's Motion for leave to voluntarily dismiss its claim. (D.E. 120). In that response, JTR confirmed that it did not oppose MOTIVATION's voluntary dismissal of its claim, but noted that any motion for sanctions by MOTIVATION would, itself, be sanctionable. (D.E. 120 at 2). JTR also noted its own intention to pursue sanctions – including attorneys' fees and expenses – from MOTIVATION for its frivolous interference with JTR's efforts to obtain an award of title or liberal salvage award. (D.E. 120 at 2-3). In that connection, JTR noted, among other things, the following: "For reasons likely related to MOTIVATION's ongoing business of selling emeralds it claims to have come from the Atocha at a high premium to the price of an ordinary emerald, MOTIVATION has elected to assert many misstatements and mischaracterizations in its Motion which are designed to disparage JTR and its discovery – to the competitive advantage of MOTIVATION. Indeed, based on how events have unfolded over the past year, this appears to have been the purpose of MOTIVATION's frivolous intervention from the start. Notwithstanding MOTIVATION's apparent bad faith, and the lack of relevance of any facts asserted by MOTIVATION to its application to dismiss its own claim (which requires no legal or factual justification by MOTIVATION, and could have been accomplished by a

Case 4:11-cv-10074-JLK   Document 125   Entered on FLSD Docket 09/06/2012   Page 8 of 12

CASE NO.4:11-CV-10074-JLK
*JTR's Unopposed Motion for Extension of Time to Respond to Motivation, Inc.'s Motion for Sanctions and*
*JTR's Related Request for Further Expert Testing/Analysis*

one-sentence stipulation to which JTR repeatedly offered to sign)." (D.E. 120 at 5).  JTR further noted: "JTR disputes the need or relevance of MOTIVATION's putative expert's report – which also was filed to disparage JTR to MOTIVATION's competitive advantage.  While JTR does not take issue with the report's assertion that the subject emeralds did not come from the *Atocha*, JTR disputes the other statements contained in the report, which were solely included to bolster the business interests of MOTIVATION once the Court vests title in the emeralds in JTR." (D.E. 120 at 5).

19.     On August 21, 2012, the Court denied Motivation's Motion to Dismiss Without Prejudice to reconsider after the issues of sanctions has been resolved.  (D.E. 121).

20.     On August 27, 2012, MOTIVATION filed its Motion for Sanctions.  (D.E. 123). Among other things, MOTIVATION is attempting to utilize the putative "expert" findings of Mr. Marcial concerning among other things, the "possible" existence of Krazy Glue and putative low estimate of value, to support its theory that it should somehow be entitled to sanctions because it has exposed a "fraud on the court." (D.E. 124).

21.     JTR contends that the substantive facts and expert evidence will conclusively show that MOTIVATION's new theory of a fraud on the court is even more spurious than its prior theories that (1) the instant emeralds floated thirty miles to the North of the injunctive wreck sites for the *Atocha* and *Margarita*, against the prevailing and strong loop current to JTR's site, and (2) that a former Motivation diver named Kent Van Raalte somehow cherry picked and stole millions of dollars of *Atocha* emeralds and gave them to his dive buddy, Steve Elchlepp.

22.     JTR has never contended in any of its pleadings or otherwise, that the instant emeralds were from the *Atocha*, and voluntarily asserted in its Third Status Report dated April 18, 2012 (D.E. 82) that the findings by Swiss, French and American labs suggested the possibility of a

Case 4:11-cv-10074-JLK   Document 125   Entered on FLSD Docket 09/06/2012   Page 9 of 12

CASE NO.4:11-CV-10074-JLK
*JTR's Unopposed Motion for Extension of Time to Respond to Motivation, Inc.'s Motion for Sanctions and*
*JTR's Related Request for Further Expert Testing/Analysis*

more modern find. Months before that, JTR shared the results of the Swiss and French labs with investigative reporters from CBS News, and JTR has been working with various persons and labs to determine the source and identity of the substances – but has been impeded in those efforts by MOTIVATION, which filed motions with this Court requiring JTR to cease its investigation and lock up all the Salvaged Material in safe deposit boxes in Key West.

23. Due to the very serious nature of the claim of fraud on the court, JTR respectfully requests additional time to prepare its Response to the Motions for Sanctions. In particular, JTR requires additional time to conduct expert testing and analysis of the matrix specimens that Mr. Marciel determined (via his visual inspection with a jewelers loop) to "possibly" have Krazy Glue on them. To accomplish this, JTR requests the Court's permission to send the subject matrix pieces that are alleged to have Krazy Glue on them to the American Gemological Laboratory ("AGL"), Matco and/or Chemir Laboratories[3] for spectrographic testing analysis.

24. JTR further requests the Court's permission to finalize its inventory and accounting of the subject gemstones for the Court, and to conduct appraisals to determine the emeralds' value. The inventory and valuation can be completed locally at JTR counsel, Dave Horan's, office.

25. JTR anticipates that a thirty day extension of time will be sufficient for it to complete the further analysis, testing, inventory and appraisal that is being requested, and to prepare its response to the outstanding Motion for Sanctions.

26. No party will suffer prejudice as a result of the relief being requested herein. JTR believes that the additional time to complete the analysis, testing, inventory and appraisal will assist the Court in making its ruling on the Motion for Sanctions.

---

[3] JTR previously disclosed AGL President, Chris Smith, (without any objection) as one of its origin and provenance experts. (D.E.112). The Matco and Chemir Laboratories have already conducted testing and analysis concerning the modern treatment. (D.E. 82).

Case 4:11-cv-10074-JLK   Document 125   Entered on FLSD Docket 09/06/2012   Page 10 of 12

CASE NO.4:11-CV-10074-JLK
*JTR's Unopposed Motion for Extension of Time to Respond to Motivation, Inc.'s Motion for Sanctions and*
*JTR's Related Request for Further Expert Testing/Analysis*

27. The undersigned counsel hereby certifies that he has contacted opposing counsel Buster White (Motivation's counsel) and John Holloway (New York Claimant's counsel) and that they have no objection to the relief being requested in this Motion.

WHEREFORE, JTR requests the Honorable Court grant it a thirty day extension of time to respond to Motivation's Motion for Sanctions, under certificate of service date, August 27, 2012 (D.E. 123), permit the additional analysis, testing, inventory and appraisal being requested herein, and grant any other and further relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 6, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CMECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

JANSSEN & SIRACUSA, P.A.
Co-Counsel for Plaintiff
120 South Olive Ave., Suite 504
West Palm Beach, FL 33401
Tel. (561) 420-0583
Fax (561) 420-0576
Email mlazarchick@jasilaw.com
Email jjanssen@jasilaw.com
Email jsiracusa@jasilaw.com

By:   s/ Joseph W. Janssen, III
        MELISSA D. LAZARCHICK
        Florida Bar No. 43696
        JOSEPH W. JANSSEN, III
        Florida Bar No. 160067
        JOHN M. SIRACUSA
        Florida Bar No. 0159670

Case 4:11-cv-10074-JLK   Document 125   Entered on FLSD Docket 09/06/2012   Page 11 of 12
CASE NO.4:11-CV-10074-JLK
*JTR's Unopposed Motion for Extension of Time to Respond to Motivation, Inc.'s Motion for Sanctions and JTR's Related Request for Further Expert Testing/Analysis*

*Service List:*

**David Paul Horan**
Horan & Wallace
608 Whitehead Street
Key West, FL 33040-6549
305-294-4585
Fax: 294-7822
Email: dph@horan-wallace.com

**Arthur Eugene Lewis , Jr.**
Lewis & White, P. L. C.
222 W. Georgia Street
PO Drawer 1050
Tallahassee, FL 32301-1050
850-425-5000
Fax: 850-425-5004
Email: lawlaw@polaris.net

**Marlow V. White , Jr.**
Lewis & White
222 W Georgia Street
PO Drawer 1050
Tallahassee, FL 32030-1050
850-425-5000
Fax: 425-5004
Email: lawlaw@polaris.net

**Jessica L. Martyn**
Troutman Sanders, LLP
150 W. Main Street
Suite 1600
Norfolk, VA 23510
757-687-7706
Email: jessica.martyn@troutmansanders.com

**John E. Holloway**
Troutman Sanders, LLP
150 W. Main Street
Suite 1600
Norfolk, VA 23510
786-687-7724
Email: john.holloway@troutmansanders.com

**Craig Patrick Liszt**
McAlpin Conroy, P.A.
80 SW 8th Street
Suite 2805
Miami, FL 33130
305-810-5400
Email: cliszt@mcalpinconroy.com

**Michael Edward Conroy**
McAlpin & Conroy PA
80 SW 8th Street
Suite 2805
Miami, FL 33130
305-810-5400
Fax: 810-5401
Email: mconroy@mcalpinconroy.com

1024606