UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

"IN ADMIRALTY"

JTR ENTERPRISES, LLC,

        Plaintiff,

vs.

CLAWDB LLC, et al.,

        Intervening Plaintiffs,

vs.                                          CASE NO. 4:11-CV-10074-JLK

AN UNKNOWN QUANTITY etc.,

        *In Rem* Defendant,

vs.

MOTIVATION, INC.,

        Claimant.
_____/

**MOTIVATION'S MOTION TO STRIKE JTR'S RESPONSE TO
THE MOTION FOR SANCTIONS AND EXTEND TIME WITHIN WHICH
TO REPLY TO JTR'S RESPONSE TO MOTION FOR SANCTIONS**

    CLAIMANT MOTIVATION moves the Court to strike JTR's response to the motion for sanctions and to extend the time within which it must reply to JTR's response to the motion for sanctions and, in support, would show:

    1.  Under Local Rule 7.1(c), Motivation has 7 days to serve a reply memorandum in support of its motion for sanctions and must be limited to rebut matters raised in the memorandum in opposition without reargument of matters covered in Motivation's initial motion.

2. JTR has filed a 30 page response with 760 pages of exhibits. Motivation's undersigned counsel is still in the process of downloading and printing the exhibits to JTR's response. This effort has been slowed considerably due to a computer crash that occurred at the very start of the day yesterday that prevented the undersigned from accessing the internet and from sending or receiving emails. It was not resolved until 3:30 yesterday afternoon.

3. Having read the "response" itself (but not the exhibits), Motivation finds that the great majority of the response is an attack on Motivation, its officers and its employees, asserts that Motivation entry into the litigation was motivated to avoid business competition and that it intends to file a motion for sanctions against Motivation. For example, attacking Motivation's "floating barrel theory" and asserting Motivation its trying to gain a "competitive advantage" in marketing emeralds; claiming Motivation wanted to market the JTR's emeralds for a percentage of sales without examining the emeralds; and, impugning the character of Mel Fisher, Kim Fisher, Sean Fisher and Manuel Marcial. None of the foregoing topics are responsive to the motion.

4. On a quick examination a few of the exhibits to Bruce Silverstein's affidavit [Doc. 142- ] appear, for the most part, to be selective portions of documents from JTR's files that Motivation has been seeking to inspect and copy since serving its Second Request for Production on July 11, 2012. See, Motivation's Motion to Compel. [Doc. 134]

5. JTR's responses is, in substance, a motion for sanctions against Motivation and not a response to a motion for sanctions. It is full of impertinent, scurrilous and untrue allegations against Motivation designed to cloud the issues raised by Motivation in its motion for sanctions. The response is, like past pleadings filed by JTR, misdirection designed to make Motivation defend itself rather than address the issues raised in Motivation's motion for sanctions.

6. JTR should be required to file a response that opposes the merits of Motivation's motions and not Motivation's incentive to file the motion, Motivation's business practices or history that is unconnected to the merits of Motivations motion for sanctions. JTR is merely seeking to divert Motivation's attention and effort in replying to the response, as well as the Court's. If this motion is not granted, Motivation will not be able to let the impertinent allegations go unanswered and will be diverted from replying in support of the merits of the motion for sanctions.

7. Further, Motivation moves the Court to enter an order giving Motivation 10 more days than Rule 7.1(c) provides to reply to JTR's response or its re-filed response should the Court grant Motivation's motion to strike.

### Certificate of Good Faith Effort to Resolve the Issues Raised

WE HEREBY CERTIFY that Motivation's counsel has conferred with opposing counsel about the relief sought in the motion in a good faith effort to resolve the issues raised in the motion. Opposing counsel does not oppose the time extension but opposes the motion to strike the response.

Respectfully submitted,

A. Eugene Lewis
A. EUGENE LEWIS

/s/ Marlow V. White
MARLOW V. WHITE
Florida Bar Member 275417
LEWIS & WHITE, P.L.C.
P. O. Box 1050
Tallahassee, Florida 32302
Vox: (850) 425-5000
Fax: (850) 425-5004
Email: lawlaw@polaris.net
ATTORNEYS FOR CLAIMANT
MOTIVATION, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the date set forth on the banner appended to the top of each page of this document, I electronically filed the foregoing with the Clerk of the Court and, by virtue of the Clerk of the Court's CM/ECF system, a copy will be electronically provided to all counsel of record.

/s/ Marlow V. White
Florida Bar Member 275417
