# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### KEY WEST DIVISION

## CASE NO. 11-CV-10074-JLK

JTR ENTERPRISES, LLC,

     Plaintiffs,

vs.

AN UNKNOWN QUANTITY, etc.,

     *In Rem* Defendant,

vs.

MOTIVATION, INC.,

     Claimant.

_____/

## ORDER DENYING MOTIONS TO QUASH AND SETTING FINAL EVIDENTIARY HEARING FOR NOVEMBER 17, 2014

**THIS CAUSE** comes before the Court upon Respondent Paul Sullivan's Motion to Quash Service of Process (DE #457), and Respondents Young Conaway Stargatt & Taylor, LLP ("YCST") and Bruce Silverstein, Esq.'s Joint Motion to Quash Service of Process (DE #459). Therein, Sullivan, Silverstein, and YCST (collectively "Respondents") seek an Order quashing service of the Order to Show Cause (DE #451) issued by this Court on July 25, 2014, served upon each of them by the United States Marshal's Service. The basis of each Respondent's Motion is that service of the Order was not made in compliance with Fed. R. Civ. P. 4.1(a).[1] Sullivan was served in Hawaii, and Silverstein and YCST were served in Delaware. Accordingly, because of the alleged defective service, each Respondent claims that this Court lacks personal jurisdiction over them in connection with Claimant Motivation's Amended Motion for Sanctions (DE #407).

---

[1]    Fed. R. Civ. P. 4.1(a) states, in relevant part: "Process—other than a summons under Rule 4 or a subpoena under Rule 45—must be served by a United States marshal or deputy marshal or by a person specially appointed for that purpose. It may be served anywhere within the territorial limits of the state where the district court is located and, if authorized by a federal statute, beyond those limits."

On July 25, 2014, this Court entered its Order to Show Cause (DE #451) directed to each of the Respondents, requiring them to appear before the Court and show why they should not be sanctioned for their conduct in this case, as outlined in the Amended Motion for Sanctions. To ensure Respondents received actual notice of these proceedings and of the Court's requirement that Respondents respond to the Amended Motion for Sanctions, the Court directed the United States Marshal to serve a copy of the Order to Show Cause upon each Respondent. Specifically, the Court directed that Sullivan be served at his address in Hawaii, and the Silverstein and YCST each be served at their address in Delaware.

This Court has already found a fraud upon the Court, as detailed in Judge Moore's Findings of Fact and Conclusions of Law and this Court's Order to Show Cause. Indeed, the Court has already exercised its inherent power to sanction the conduct of Plaintiff JTR and that of non-party Jay Miscovich for their roles in this fraud. *See* DE #445 ¶ 56–72. And while the Court is mindful that "because of their very potency" its inherent powers "must be exercised with restraint and discretion," *Chambers v. NASCO*, 501 U.S. 32, 44 (1991), and that the Court "must comply with the mandates of due process," *id.* at 50, when the Court "finds that fraud has been practiced upon it, or that the very temple of justice has been defiled" it may invoke its inherent powers against those responsible for the defiling. *Id.* at 46.

Respondents in essence assert that, because they were not named as parties in the underlying case and did not enter an appearance on this Court's docket, even if they are responsible for this fraud in that they in fact knew or were reckless or willfully blind in not knowing, this Court is powerless to do anything about it as long as they keep out of the State of Florida. But "courts do not sit for the idle ceremony of making orders and pronouncing judgments, the enforcement of which may be flouted, obstructed, and violated with impunity, with no power in the tribunal to punish the offender." *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985). And though the court's exercise of personal jurisdiction over out-of-state

2

nonparties in *Waffenschmidt* was in connection with contempt proceedings for violating an injunction issued under Fed. R. Civ. P. 65(d), in which actual notice is expressly sufficient, "Rule 65(d) [is] a codification rather than a limitation of courts' common-law powers, [and] cannot be read to restrict the inherent power of a court to protect its ability to render a binding judgment." *United States v. Hall*, 472 F.2d 261, 267 (5th Cir. 1972).[2]

This Court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43. Moreover, and as in *Chambers*, "the imposition of sanctions in this instance"—should they be warranted, and only if Motivation carries its burden of so proving—"transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy." *Id.* at 46.

While Fed. R. Civ. P. 4.1(a) codifies due process and service considerations in the usual case, this is not the usual case and the Rule "cannot be read to restrict the inherent power of" this Court to sanction bad-faith litigation conduct. *See Hall*, 472 F.2d at 267. While in exercising its inherent powers the Court "must comply with the mandates of due process," *Chambers*, 501 U.S. at 50, Respondents were served with the Order to Show Cause and are on actual notice of these proceedings. This is all that due process requires, and the Court's exercise of personal jurisdiction over Respondents in connection with these proceedings does not offend that notion.

Finally, Respondents make much of Judge Moore's Paperless Order of December 26, 2013 that appears on the Court's docket at DE #333, finding that Respondents' limited

---

[2]    In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

appearances and the lack of service of process rendered the Court without personal jurisdiction over them. The Court finds it sufficient to note that this Order was entered prior to the scheme to defraud the Court—and the need to invoke its inherent powers—came to light. Accordingly, in light of the record as it now stands, and as detailed above, the Court's exercise of personal jurisdiction over Respondents based on their actual notice of these proceedings and for the limited purpose of invoking its inherent power to sanction bad-faith litigation conduct—only if proved by Motivation as to each Respondent—does not offend due process.

Therefore, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1. Respondent Paul Sullivan's Motion to Quash Service of Process **(DE #457)**, and Respondents Young Conaway Stargatt & Taylor, LLP and Bruce Silverstein, Esq.'s Joint Motion to Quash Service of Process **(DE #459)**, be, and the same hereby are **DENIED**.

2. A Final Evidentiary Hearing on Claimant Motivation's Amended Motion for Sanctions (DE #407) is hereby set for **Monday, November 17, 2014 at 9:00 a.m.** at the United States Courthouse, 301 Simonton Street, **Key West, Florida**. Claimant Motivation and the Respondents Sullivan, Silverstein, and YCST, are hereby ordered to separately file lists of witnesses and exhibits they intend to call or offer at the Final Evidentiary Hearing in Key West on or before November 13, 2014.

3. Claimant Motivation's Motion to Set Case Management Conference **(DE #485)** is hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers, Miami Dade County, Florida this 30th day of October, 2014.

JAMES LAWRENCE KING
UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**cc: All Counsel of Record**

4