UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 11-CV-10074-JLK

JTR ENTERPRISES, LLC,

    Plaintiffs,

vs.

AN UNKNOWN QUANTITY, etc.,

    *In Rem* Defendant,

vs.

MOTIVATION, INC.,

    Claimant.

_____/

## ORDER DENYING RESPONDENT PAUL SULLIVAN'S MOTION FOR SANCTIONS AGAINST MOTIVATION, INC. AND ITS COUNSEL

**THIS CAUSE** comes before the Court upon Respondent Paul Sullivan's Motion for Sanctions Against Motivation, Inc. and Its Counsel (DE #555), filed on January 13, 2015. Therein, Respondent Paul Sullivan, from whom Claimant Motivation unsuccessfully sought sanctions,[1] seeks to invoke both this Court's inherent authority to sanction bad-faith litigation conduct and 28 U.S.C. § 1927 to sanction Motivation and its counsel for seeking sanctions against Sullivan on a claim he claims was "without any basis in law or fact." Sullivan seeks to be recompensed for his outlay of attorneys' fees in

---

[1] *See* Order Granting Motion to Dismiss of Respondents Paul Sullivan and Young Conaway Stargatt & Taylor, LLP (DE #528).

defending against Motivation's claims. This Motion is fully briefed,[2] and as set forth below the Court finds that it must be denied.

The factual and procedural history of this case, both in its Admiralty and Sanctions phases, is adequately detailed in this Court's Opinion and Order Denying Sanctions (DE #568), and will not be repeated herein. Briefly stated, and only as relevant to Sullivan's Motion for Sanctions, this Court found that by the time Motivation rested its case-in-chief in the evidentiary hearing on Motivation's Amended Motion for Sanctions, it had not presented any evidence on either Sullivan's interest in the outcome of the underlying litigation or his control over its course. DE #528 at 3. Accordingly, Motivation having failed to carry its burden of proof on those points, this Court granted Sullivan's Motion for involuntary dismissal of Motivation's claim for sanctions against him. The evidentiary hearing then continued, and the Court took evidence on Respondent Bruce Silverstein's defense to Motivation's sanctions claims.

Sullivan's Motion for Sanctions is denied chiefly because of the "American Rule" whereby parties to litigation usually bear their own costs, even when successful, unless some statutory authority allows for the assessment of fees in favor of the prevailing party. *See generally, Friends of the Everglades v. South Florida Water Management Dist.*, 678 F.3d 1199 (11th Cir. 2012); *Mayer v. Wall Street Equity Group, Inc.*, 514 F. App'x. 929, 932 (11th Cir. 2013) ("[L]itigants ordinarily are expected to bear their own attorney's fees and costs pursuant to the 'American Rule'").

---

[2] Motivation filed its Response in Opposition on January 30, 2015 (DE #563), and Sullivan filed his Reply in Support on February 9, 2015 (DE #566).

To the extent that Sullivan has invoked 28 U.S.C. § 1927[3] as the statutory authority he claims permits an award of fees against Motivation's counsel, the Court finds that in addition to not meeting his burden of establishing Motivation's counsel's conduct unreasonably or vexatiously multiplied these proceedings, Respondent Sullivan has not complied with Southern District of Florida Local Rule 7.3(b), which establishes detailed procedures and a "safe-harbor" period required before a motion for attorneys' fees may be filed to ensure a "Good Faith Effort to Resolve Issues by Agreement." Mr. Sullivan's "Certificate of Pre-Filing Conference," DE #555 at 13, in which he states that he conferred with Motivation on the same day he filed the instant Motion does not satisfy Local Rule 7.3(b)'s requirements. Accordingly, to the extent that the instant Motion is a Motion for Attorneys' Fees, as distinguished from a motion seeking to invoke the Court's inherent authority to impose sanctions for bad-faith litigation conduct, that Motion is denied.

As for Mr. Sullivan's motion to invoke the Court's inherent power to sanction bad-faith litigation conduct, that Motion must also be denied. Courts have the inherent power to police themselves and those appearing before them, and to sanction bad-faith litigation conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). "The key to unlocking that inherent power is a finding of bad faith." *Sciarretta v. Lincoln Nat. Life Ins. Co.*, — F.3d —, 2015 WL 795593 at *6 (11th Cir. 2015) (citing *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir.1998). A party seeking to invoke this inherent power must prove bad faith by clear and convincing evidence. *See JTR Enterprises, LLC v. An Unknown Quantity of*

---

[3] "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

3

*Colombian Emeralds, Amethysts and Quartz Crystals*, —F.Supp.3d—, 2015 WL 1208666, Case No. 1:11-cv-10074-KING (S.D. Fla. March 16, 2015) (holding that a movant must prove sanctionable conduct by clear and convincing evidence to invoke the a court's inherent power to sanction bad-faith litigation conduct); *Barash v. Kates*, 585 F. Supp. 2d 1347, 1365 (S.D. Fla. 2006) (same).

In granting Mr. Sullivan's Motion to Dismiss at the close of Motivation's case-in-chief, the Court found that Motivation had not met this heightened burden with the evidence that it had presented at the hearing by that point in the proceedings. The Court previously found that evidence proffered in Motivation's Amended Motion for Sanctions on these points was sufficient both to issue an Order to Show Cause directed at Respondent Sullivan (DE #451), and to deny Sullivan's Motion to quash service of that Order (DE #488). That Motivation ultimately did not present evidence of Sullivan's interest or substantial involvement with the underlying litigation at the evidentiary hearing does not impel a conclusion that Motivation's claim for sanctions was frivolous. Indeed, the Court will note that after Motivation rested its case-in-chief and its claims as against Sullivan were dismissed, the trial proceeded on claims regarding Mr. Silverstein, where the Court heard additional evidence on both Sullivan's interest and his involvement.[4] So

---

[4] For example, Bruce Silverstein testified that both he and Sullivan invested money in JTR through a company Silverstein had formed called P&B Finance (the P and B standing for Paul and Bruce, respectively), which held a 1.5% equity interest in the emeralds. *See* Transcript of Amended Motion for Sanctions Hearing, December 9, 2014 (DE #549 at 37). Sullivan had an additional 5% interest in the emeralds that at some point was assigned to charity. Sullivan testified that he personally flew to Colombia, twice, to have meetings with Colombian government officials concerning the emeralds. *See* Transcript of Amended Motion for Sanctions Hearing, December 10, 2014 (DE #550 at 113–14). Sullivan further testified that he "took on the role as the coordinator for [JTR] to work with CBS and GIA concerning the testing of the emeralds." *Id.* at 143. Further, Sullivan testified that he spent "quite a bit of time" at the National

the statement in the instant Motion that Motivation's claims had no "basis in law or fact" is dubious, at best.[5]

Finally, and as highlighted above, in order for the Court to sanction Motivation pursuant to its inherent power, it must make a finding of bad faith. Mr. Sullivan has not shown, by clear and convincing evidence or otherwise, that Motivation's pursuit of sanctions against him was in bad faith.

Therefore, it is **ORDERED, ADJUDGED, AND DECREED** that Respondent Paul Sullivan's Motion for Sanctions Against Motivation, Inc. and Its Counsel **(DE #555)** be, and the same hereby is **DENIED WITH PREJUDICE.**

**DONE AND ORDERED** in Chambers, Miami Dade County, Florida this 5th day of June, 2015.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **All Counsel of Record**

---

Archives and elswhere researching alternate theories of where the emeralds could have come from after the French and Swiss lab results revealed the presence of epoxy. *Id.* at 160.

[5] The Court will also note that invoking the inherent power is reserved for situations warranting sanctions but not adequately addressed by rule or statute. Sullivan's assertion that Motivation's claims had no "basis in law or fact" sounds to be the province of Rule 11 sanctions, with the attendant procedural requirements of Rule 11(c)(2), under which Rule Sullivan has conspicuously elected not to move.